## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CITIZENS FOR RESPONSIBILITY ) | |
| AND ETHICS IN WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-633 (RWR) |
| ) | |
| BOARD OF GOVERNORS OF THE ) | |
| FEDERAL RESERVE SYSTEM, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM OPINION

Plaintiff Citizens for Responsibility and Ethics in
Washington ("CREW") filed a complaint under the Freedom of
Information Act, 5 U.S.C. § 552 ("FOIA"), alleging that the Board
of Governors of the Federal Reserve System ("the Board")
wrongfully failed to produce any agency records that the
plaintiff requested.  The Board has moved under Federal Rule of
Civil Procedure 12(b)(6) to dismiss the complaint for failure to
state a claim.  Because CREW did not exhaust its administrative
remedies, the defendant's motion to dismiss, treated in part as a
motion for summary judgment, will be granted.[1]

_____

[1] The complaint also alleged that the Board improperly
failed to respond to plaintiff's request for expedited processing
of its FOIA request.  The Board has moved to dismiss that claim
as moot.  CREW acknowledges that the claim is now moot, and it
will be dismissed.

-2-

BACKGROUND

On March 3, 2009, CREW submitted a FOIA request to the Board seeking expedited disclosure of records identifying each business, individual, or entity to which the Board had provided loans or other financial assistance from March 2008 to the present under Section 13 of the Federal Reserve Act, 12 U.S.C. § 343, or any other authority of the Board.  (Compl. ¶¶ 1-2, 24; Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 2.) The Board sent a letter to CREW dated March 6, 2009 acknowledging receipt of the request, though not informing CREW whether the Board approved CREW's request for expedited processing.  Crew received the letter on March 9, 2009.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 5.)  The Board alleges that around the same time it acknowledged receiving the FOIA request, the Board approved CREW's requests to waive the fee associated with FOIA requests and to expedite processing, but did not then inform CREW of this decision, expecting that it could respond to the request for expedition within the required ten calendar days under 5 U.S.C. § 552(a)(6)(E)(ii)(I).  (Def.'s Mem. at 2, n. 1.) CREW states that because it had not received a substantive response to the document request by what it considered the 20th business day, Tuesday, March 31, 2009, it filed the instant

-3-

action on Monday, April 6, 2009.[2]  However, the Board states that
on March 31, 2009, it notified CREW that it was going to extend
its period of response by ten days, as is allowed under 5 U.S.C.
§ 552(a)(6)(B)(i), because it needed to consult with another
agency and/or other components of the Board.  CREW acknowledges
that it received a letter from the Board informing CREW about the
ten-day extension, but CREW alleges that the letter was
postmarked Thursday, April 2, 2009.  (See Def.'s Mem. at 2-3;
Pl.'s Opp'n at 6-7.)  The Board mailed a letter substantively
responding to CREW on April 14, 2009, stating that the Board
would provide some of the requested information, but that it
would withhold approximately 11,054 pages of responsive
information under FOIA exemptions 4 and 5.  The letter notified
CREW of its right to file an administrative appeal under the
Board's rules.  The Board sent the responsive documents to CREW
on April 17, 2009.  (Def.'s Mem. at 3.)  CREW filed no appeal.
(Id. at 2.)

This action, filed on April 6, 2009, alleges that the Board
failed to produce any records within the statutory time limit for
processing CREW's request.  (Compl. ¶ 38.)  The Board moves to
dismiss under Federal Rule of Civil Procedure Rule 12(b)(6)

---

[2] The Board's March 6, 2009 letter to CREW provided a phone
number to call to obtain information about the status of CREW's
request, but CREW made no inquiry between Tuesday, March 31 and
Friday, April 3, 2009.  (Def.'s Reply at 5.)

-4-

because CREW failed to exhaust its administrative remedies before filing suit.  (See Def.'s Mem. at 4-5.)  CREW argues that it constructively exhausted its administrative remedies because the Board did not respond to its request within 20 business days of March 3, 2009, the date that CREW submitted its request.  (Pl.'s Opp'n at 5.)

## DISCUSSION

Generally, "motions to dismiss for failure to exhaust administrative remedies are . . . appropriately analyzed under Rule 12(b)(6)[,]" which applies to a failure to state a claim for which relief can be granted.  Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 64 n.6 (D.D.C. 2008) (quoting Hazel v. Wash. Metro. Transit Auth., Civil Action No. 02-1375 (RWR), 2006 WL 2024966, at *3 (D.D.C. Dec. 4, 2006)); see also Lewis v. United States Dep't of Justice, 609 F. Supp. 2d 80, 83 (D.D.C. 2009).  "In order to survive a motion to dismiss under Rule 12(b)(6), the allegations stated in the contested portion of the plaintiff's complaint 'must be enough to raise a right to relief above the speculative level[.]'"  Demery v. Montgomery County, 602 F. Supp. 2d 206, 212 (D.D.C. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  However, "when 'matters outside the pleadings are presented to and not excluded by the court' on a motion to dismiss under Rule 12(b)(6), 'the motion must be treated as one for summary judgment[.]'"  Highland

Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82
(D.D.C. 2009) (quoting Fed. R. Civ. P. 12(d)).  "In particular
. . . where both parties submit material outside the pleadings
and 'the parties are not taken by surprise or deprived of a
reasonable opportunity to contest facts averred outside the
pleadings and the issues involved are discrete' legal issues, the
court may convert [a motion to dismiss] to a motion for summary
judgment 'without providing notice or the opportunity for
discovery to the parties.'"  Highland Renovation Corp., 620 F.
Supp. 2d at 82 (quoting Tunica-Biloxi Tribe of La. v. United
States, 577 F. Supp. 2d 382, 405 (D.D.C. 2008) and Smith v.
United States, 518 F. Supp. 2d 139, 145, 155 (D.D.C. 2007)).
Because both parties have submitted declarations outside of the
pleadings that have not been excluded, the Board has completed
its document production, and CREW has taken no appeal from it,
the motion will be treated as one for summary judgment.

     Summary judgment is appropriately granted when the moving
party demonstrates that there is no genuine issue as to any
material fact and that moving party is entitled to judgment as a
matter of law.  Fed. R. Civ. P. 56(c).  "In considering a motion
for summary judgment, [a court is to draw] all 'justifiable
inferences' from the evidence . . . in favor of the nonmovant."
Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189
(D.D.C. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.

-6-

242, 255 (1986)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "The relevant inquiry 'is the threshold inquiry of determining whether there is a need for a trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'"  Single Stick, Inc. v. Johanns, 601 F. Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at 250).  A genuine issue is present where the "evidence is such that a reasonable jury could return a verdict for the non-moving party," in contrast to a situation where the evidence is "so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 248, 252.

"[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA[.]"  Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (internal quotations omitted).  While exhaustion is not properly referred to as a "jurisdictional" issue, FOIA's "administrative scheme favors treating failure to exhaust as a bar to judicial review."  Id. at 677 (internal quotations omitted).  When an agency fails to answer a request for information within 20 days, the requester has constructively exhausted its administrative remedies and judicial review is allowed.  See 5 U.S.C. § 552(a)(6)(C); Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003) (citing Oglesby v.

-7-

U.S. Dep't of Army, 920 F.2d 57, 64-65 (D.C. Cir. 1990)).
However, when an agency responds to the request after the
twenty-day statutory window but before the requester initiates a
lawsuit, the administrative exhaustion requirement still applies
and judicial review is barred. Judicial Watch, 326 F.3d at 1310.
The constructive exhaustion principle is not designed to
encourage a requestor to file a lawsuit in order to replace an
agency's authority with judicial oversight. See Lowe v. Drug
Enforcement Agency, Civil Action No. 06-1133 (CKK), 2007 WL
2104309, at *4 (D.D.C. July 22, 2007) (citing Oglesby, 920 F.2d
at 64 n.8). "Thus, a finding of constructive exhaustion is not
appropriate where it would be 'contrary to orderly procedure and
good administration and unfair to those who are engaged in the
tasks of administration to decide an issue which [an agency]
never had a fair opportunity to resolve prior to being ushered
into litigation.'" Lowe, 2007 WL 2104309 at *4 (quoting Dettmann
v. U.S. Dep't of Justice, 802 F.2d 1472, 1476 (D.C. Cir. 1986))
(internal quotations omitted). An agency is allowed to extend
the deadline for its response by an additional ten-days in
"unusual circumstances," including, as the Board relied upon
here, "the need for consultation . . . with another agency having
a substantial interest in the determination of the request or
among two or more components of the agency having substantial
subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(i).

-8-

The Board asserts that on March 31, 2009, it notified CREW that it was going to extend its period of response by ten days because it needed to consult with another agency and/or other components of the Board.  CREW acknowledges that it received a letter from the Board of Governors informing CREW about the ten-day extension, but CREW alleges that the letter was postmarked April 2, 2009, and that it did not receive the Board's letter until April 6, 2009, the same date it filed this action.  (<u>See</u> Def.'s Mem. at 2-3; Pl.'s Opp'n at 6-7.)

     As an initial matter, CREW does not provide any authority for the proposition that the operative date of the Board's response should be determined by the date that CREW received it, as opposed to the date that the Board sent it.  Regardless whether the date of March 31, 2009, or the date of April 2, 2009, is used as the date that the Board is deemed to have sent the letter, the Board "responded" by placing in the mail written notice regarding its ten-day working extension of its deadline to respond to CREW's request before CREW filed this action.  (<u>See</u> Def.'s Mem. Ex. 1, Thro Decl. at ¶ 9; Pl.'s Opp'n Ex. 3, Weismann Decl. at ¶ 5.)  Administrative exhaustion, then, was still a prerequisite to maintaining a suit.  <u>Judicial Watch</u>, 326 F.3d at 1310.  It would be contrary to orderly procedure and good administration of FOIA cases to entertain a suit filed prematurely and to excuse CREW from having to exhaust its

-9-

administrative remedies in this case.  Since CREW did not exhaust

its administrative remedies before filing this suit, and chose

not to do so after the Board completed its responsive document

production, the Board's motion to dismiss for failure to exhaust

administrative remedies, treated as a motion for summary

judgment, will be granted.

<u>CONCLUSION</u>

Because this court lacks jurisdiction over the claim

regarding expedited processing,[3] and because the plaintiff failed

to exhaust its administrative remedies, the defendant's motion

[4] to dismiss, treated in part as a motion for summary judgment,

will be granted.  A final order accompanies this memorandum

opinion.

SIGNED this 19th day of November, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[3]  While CREW seeks in a footnote attorneys' fees associated
with the claim (<u>see</u> Pl.'s Opp'n at 12 n.10), CREW provides no
legal support for such relief, nor does it explain why it did not
call the Board using the phone number the Board provided to check
the status of its request before incurring the expenses of filing
the claim.  By that point, expedition had been granted.